# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, JEFF FROST, and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN P. BRYAN, AL OROSZ, JEFF FROST, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> STOKES EXCAVATING INC., an Illinois corporation, and DANNY STOKES, individually, <br><br> Defendants. | Case No.: 14-cv-3433 <br><br> Judge: Harry D. Leinenweber |

## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND FOR FINAL JUDGMENT ON COUNTS I & IV AGAINST DEFENDANT STOKES EXCAVATING, INC.

Plaintiffs MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, JEFF FROST and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN P. BRYAN, AL OROSZ, JEFF FROST, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch, Bennett & Cervone, pursuant to Fed.R.Civ.P. 55(b)(2) and Fed.R.Civ.P. 54(b), respectfully move this court for entry of final judgment, in the form of the attached proposed order, against Defendant STOKES

EXCAVATING INC. ("Defendant Company") on Counts I & IV of the Complaint. In support of this motion, the Plaintiffs state as follows:

1. This is a claim against the Defendant Company for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. §1145.

2. The Funds filed their four-count Complaint against Defendant Company and Danny Stokes on May 12, 2014, seeking the following relief:

> (a) Count I seeks payment of delinquent reports and contributions from Defendant Company for October 2010 through December 2013 and for late fees and interest owed on delinquent reports and contributions for October 2010 through the present. Count I is brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") Section 515, 29 U.S.C. §1145 and Section 502(g)(2) Section 301, 29 U.S.C. §185.
>
> (b) Count II seeks delinquent dues contributions from Defendant Company and Danny Stokes as unpaid wages under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.
>
> (c) Count III seeks delinquent dues contributions from Defendant Company and Danny Stokes, as wages wrongfully converted.
>
> (d) Count IV seeks enforcement of Defendant Company's obligation to obtain a bond in the amount of $5,000.

3. The Funds attempted to serve Defendant Company at its registered agent's address at 14831 Chais Court, Hinckley, Illinois, but Defendant Company no longer maintains an office at that location. Because the Defendant Company's registered agent could not be found with reasonable diligence at the office of record in Illinois, pursuant to Federal Rule of Civil Procedure 4(e)(1) and 805 ILCS 5/5/25, on June 2, 2014, the Funds served Defendant Company through the Illinois Secretary of State. (The Affidavit of Compliance for Service on Secretary of State Under the Business Corporations Act is attached hereto as Exhibit 1).

4. As of the filing of this motion, the Company has failed to plead or otherwise defend the case. Because more than 21 days have passed since service of the summons and complaint, the Company is now in default. Fed.R.Civ.Proc. 12(a)(1)(A)(i).

5. The Funds have been unable to serve the summons and complaint on Danny Stokes, who is also Defendant Company's registered agent. This motion does not seek any relief against Danny Stokes, who is named as a defendant only to Counts II and III of the Complaint.

6. The Funds are agents for the purpose of collecting employer contributions and deductions required to be paid on behalf of the Training/Apprentice Fund, the Chicago Area Independent Contractors Association ("CAICA"), the Laborers' District Council Labor Management Cooperation Committee ("LDC/LMCC"), the Laborers-Employers Cooperation and Education Trust ("LECET"), and the Construction and General Laborers' District Council of Chicago and Vicinity's Work Dues Fund ("Dues Fund") (collectively, "the Affiliated Organizations"). (Affidavit of Pat Shales ¶5, attached hereto as Exhibit 2).

7. Notwithstanding its obligations under the Funds' respective Trust Agreements, the Defendant Company failed to remit contributions and other amounts that are due and owing for October 2010 to December 2013, as shown in the audit report attached as Exhibit A to the Complaint, despite demand duly made. (Ex.2. Affidavit of Pat Shales ¶6 and Attachment A thereto).

8. Pursuant to the Funds' collection procedures, Employers who fail to report and/or remit contributions are liable for interest at 2 percent monthly compounding and liquidated damages of 20% for prior delinquent contributions owed to the Funds. The Defendant Company's obligations under the collective bargaining agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on the unpaid contributions

continue to accrue until payment is made. (Ex. 2, Affidavit of Pat Shales ¶7 and Attachment B thereto).

9. Notwithstanding its obligations under the collective bargaining agreements, the Defendant Company failed to remit dues owed to the Laborers District Council for the period of October 2010 through December 2013, as shown in the audit report attached as Exhibit A to the Complaint. Employers who fail to remit dues and contributions to the Affiliated Organizations on a timely basis are liable to pay an additional 10% on dues owed for delinquent months. (Ex.2, Affidavit of Pat Shales ¶8 and Attachment B thereto).

10. In addition to the delinquencies shown in the audit report attached as Exhibit A to the Complaint, the Defendant Company also failed to submit reports for January, March, April, May, and June 2014, despite a request from the Funds' counsel. For February 2014, the Defendant Company reported no work. The Funds' practice when employers fail to submit reports is to estimate contributions that would be owed based on prior months' reporting. The Funds have prepared a chart showing these estimated contributions which was sent to the Defendant Company on July 16, 2014. Late fees at 20 percent on the untimely reports and contributions are due and owing to the Funds and interest at 2 percent monthly compounding will continue to accrue until payment is made. (Ex.2, Affidavit of Pat Shales ¶9 and attachment C thereto).

11. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' and Affiliated Organizations' governing trust documents, the Defendant Company is liable to the Funds for unpaid contributions, interest at 2 percent monthly compounding, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs as well as and to the District Council and the Affiliated Organizations for dues, contributions and liquidated damages of

10%. Liquidated damages and interest owed pursuant to the Funds' collection procedures and 29 U.S.C. §1132(g)(2) are a "mandatory rather than a discretionary determination on the part of the court." Central States, Southeast and Southwest Areas Pension Fund v. Allied Systems, Ltd., 795 F. Supp. 2d 740, 744 (N.D. Ill. 2011).

12. Pursuant to the Funds' collection procedures and the Defendant Company's collective bargaining agreement, the Defendant Company must also provide the Funds and/or the Union with a bond to guarantee the payment of wages and fringe benefit contributions (Ex.2, Affidavit of Pat Shales ¶10 and Attachment B thereto).

13. In accordance with the Agreement and/or the Funds' collection procedures and based on its work force, the Defendant Company is required to post a bond in the minimum amount of $5,000.00 (Ex.2, Affidavit of Pat Shales ¶11).

14. The form of the bond that is required by the Funds and the District Council was attached to the Complaint as Exhibit B. (Ex.2, Affidavit of Pat Shales ¶12 and Attachment D thereto).

15. Under the terms of the Funds' collection procedures, if an employer fails to provide a bond as required, it is required to pay all of the costs, including attorneys' fees, incurred in seeking to compel the bond (Ex.2, Affidavit of Pat Shales ¶13).

16. As alleged in Count IV of the Complaint, the Defendant Company has failed to post the $5,000.00 bond as required (Ex.2, Affidavit of Pat Shales ¶14).

17. Based on the audit findings in Exhibit A to the Complaint, the Defendant Company owes principal contributions as stated in the audit for the period of October 2010 to December 2013, and based on estimated reports for January, March, April, May, and June 2014; plus Funds liquidated damages at 20%, dues liquidated damages at 10%, interest at 2 percent monthly compounding, audit fees, and a cash bond, less credit for a partial payment, as follows:

| | |
|---|---:|
| Welfare Fund Delinquent Contributions (Oct. 2010 to Dec. 2013) | $1,385.70 |
| Pension Fund Delinquent Contributions (Oct. 2010 to Dec. 2013) | $1,069.86 |
| Apprenticeship Fund Delinquent Dues (Oct. 2010 to Dec. 2013) | $54.95 |
| Liquidated Damages on Funds Distributions @ 20% | $502.10 |
| Interest on Funds Contributions | $957.68 |
| **Sub-Total Owed to Funds for Delinquent Contributions** | **$3,970.29** |
| CCA Delinquent Dues (Oct. 2010 to Dec. 2013) | $4.16 |
| LDCLMCC Delinquent Dues (Oct. 2010 to Dec. 2013) | $6.24 |
| LECET Delinquent Dues (Oct. 2010 to Dec. 2013) | $3.64 |
| Dues Fund | $34.85 |
| Liquidated Damages on Contributions @10% | $4.89 |
| **Sub-Total Owed to Funds for Delinquent Dues and Affiliated Funds** | **$53.78** |
| January 2014 Contributions | $14,040.00 |
|   20% Liquidated Damages | $2,808.00 |
|   Interest | $1,471.49 |
| March 2014 Contributions | $11,232.00 |
|   20% Liquidated Damages | $2,246.40 |
|   Interest | $695.33 |
| April 2014 Contributions | $11,232.00 |
|   20% Liquidated Damages | $2,246.40 |
|   Interest | $461.46 |
| May 2014 Contributions | $14,040.00 |
|   20% Liquidated Damages | $2,808.00 |
|   Interest | $290.22 |
| June 2014 Contributions | $11,712.00 |
|   20% Liquidated Damages | $2,342.40 |
|   Interest | $9.23 |
| **Sub-Total Owed to Funds based on Estimated Contributions** | **$77,634.93** |
| **Auditor Fees** | **$1,332.27** |
| **Surety Bond** | **$5,000.00** |
| **Partial Payment** | **($1,167.86)** |
| **TOTAL OWED:** | **$86,823.41** |

(Ex.2, Affidavit of Pat Shales ¶15).

18. The Defendant Company is also obligated by the terms of the Agreement, to pay the attorneys' fees and costs incurred by the Funds for its efforts to collect these amounts from the Defendant Company. (Ex. 2, Affidavit of Pat Shales ¶16 and Attachment B thereto).

19. Pursuant to Fed. R. Civ. Pro. 54(b), "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." A final judgment on only some claims is appropriate where the claims retained by the trial court for trial are sufficiently different from the claims on which final judgment is granted such that an appeal from each would not require the appellate court to "go over the same ground" in each appeal. Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1162 (7th Cir. 1997). A final judgment is appropriate here with respect to Counts I and IV of the Complaint, alleging Defendant Company's failure to pay contributions, liquidated damages and interest on untimely-paid employee benefit fund contributions and alleging Defendant Company's failure to post a $5,000 bond in accordance with the terms of the agreement and/or the Funds' collection procedures, as there is no dispute as to Defendant Company's liability, and the claims regarding Danny Stokes's liability are sufficiently different from the claims in Counts I and IV of the complaint that they "would not require the appellate court to 'go over the same ground in each appeal.'" *Id*. Specifically, the claims in Counts II and III of the Complaint are based on an alternate liability theory based on dues deducted from employee wages and wrongfully withheld, which is separate from Defendant

7

Company's own liability under Counts I and IV based on delinquent contributions to the Funds owed pursuant to Section 515 of ERISA, 29 U.S.C. §1145 and for breach of contract for failure to post a surety bond, respectively. Accordingly, Plaintiffs request a final judgment on Counts I and IV of the Complaint, pursuant to Fed. R. Civ. Pro. 54(b).

20. Based the work Plaintiffs' counsel has completed to date and the work Plaintiffs' counsel anticipates doing in the future to bring this matter to conclusion, the Plaintiffs' have incurred and will incur attorneys' fees and costs in the amount of $3,358.42 (Ex. 3, Affidavit of Josiah A. Groff). Pursuant to the Funds' collection procedures and 29 U.S.C §1132(g)(2), Plaintiffs are entitled to an award for those fees and costs, for a total judgment of $91,349.69.

WHEREFORE, for the reasons stated above, MIKE SHALES, JOHN P. BRYAN, AL OROSZ, DAN BREJC, JEFF FROST and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN P. BRYAN, AL OROSZ, JEFF FROST, VERN BAUMAN and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND respectfully request that the Court enter an order, in the form attached or otherwise, providing for the following:

(a) Finding that Defendant STOKES EXCAVATING, INC. is in default.

(b) Entering a final judgment on Counts I and IV of the Complaint, in favor of the Funds and against Defendant STOKES EXCAVATING, INC. in the amount of $91,349.69.

| | |
|---|---|
| J. Peter Dowd (#0667552)<br>Michele M. Reynolds (#6237957)<br>Jeremy M. Barr (#6299047)<br>Josiah A. Groff (#6289628)<br>**DOWD, BLOCH, BENNETT & CERVONE**<br>8 South Michigan Avenue, 19th Floor<br>Chicago, Illinois 60603<br>(312) 372-1361 | Respectfully submitted,<br>/s/ Josiah A. Groff<br>Josiah A. Groff<br>One of Plaintiffs' Attorneys |

July 30, 2014